**BROWN KWON & LAM LLP**
William Brown, Esq.
Angela Kwon, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5825
Fax: (718) 795-1642
wbrown@bkllawyers.com
akwon@bkllawyers.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SALMA BAHAA HUSSEIN, BRIAN NOONE, JORDAN MERRITT, JOEL ZAVALA and SANTIAGO ALJURE,** *on behalf of themselves and others similarly situated*, <br><br> **Plaintiffs,** <br><br> **- against -** <br><br> **THE HEADLESS WIDOW LLC** **d/b/a THE HEADLESS WIDOW,** and **EDIN CANOVIC** **a/k/a EDDIE CANOVIC** <br><br> **Defendants.** | **Case No.:** <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs Salma Bahaa Hussein, Brian Noone, Jordan Merritt, Joel Zavala, and Santiago Aljure ("Plaintiffs"), individually and on behalf of all others similarly situated, upon personal knowledge as to themselves, and upon information and belief as to other matters, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants The Headless Widow LLC, d/b/a The Headless Widow, (hereinafter, "Corporate Defendant"), and Edin Canovic a/k/a Eddie Canovic (hereinafter, "Individual Defendant," and together with Corporate Defendant, "Defendants") and allege as follows:

## INTRODUCTION

1.      Plaintiffs bring this action on behalf of themselves and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) misappropriated tips, (4) unlawful wage deductions, (5) liquidated damages, and (6) attorneys' fees and costs.

2.      Plaintiffs also bring this action on behalf of themselves and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid regular wages due to off-the-clock work, (4) misappropriated tips, (5) unlawful wage deductions, (6) unpaid spread of hours premiums, (7) stautory penalties, (8) liquidated damages, and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4.      This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiffs*

#### *Salma Bahaa Hussein*

7.      Plaintiff Salma Bahaa Hussein is an adult who resides in Queens County, New York.

8.      Plaintiff Salma Bahaa Hussein was a covered employee within the meaning of the FLSA and NYLL.

9.      Plaintiff Salma Bahaa Hussein retained Brown, Kwon & Lam LLP to represent her in this action and has agreed to pay the firm a reasonable fee for its services.

#### *Brian Noone*

10.     Plaintiff Brian Noone is an adult who resides in Hudson County, New Jersey.

11.     Plaintiff Brian Noone is a covered employee within the meaning of the FLSA and NYLL.

12.     Plaintiff Brian Noone retained Brown, Kwon & Lam LLP to represent him in this action and have agreed to pay the firm a reasonable fee for its services.

#### *Jordan Merritt*

13.     Plaintiff Jordan Merritt is an adult who resides in Kings County, New York.

14.     Plaintiff Jordan Merritt is a covered employee within the meaning of the FLSA and NYLL.

15.     Plaintiff Jordan Merritt retained Brown, Kwon & Lam LLP to represent him in this action and have agreed to pay the firm a reasonable fee for its services.

#### *Joel Zavala*

16.     Plaintiff Joel Zavala is an adult who resides in Queens County, New York.

17.    Plaintiff Joel Zavala is a covered employee within the meaning of the FLSA and NYLL.

18.    Plaintiff Joel Zavala retained Brown, Kwon & Lam LLP to represent him in this action and have agreed to pay the firm a reasonable fee for its services.

### Santiago Aljure

19.    Plaintiff Santiago Aljure is an adult who resides in Union County, New Jersey.

20.    Plaintiff Santiago Aljure was a covered employee within the meaning of the FLSA and NYLL.

21.    Plaintiff Santiago Aljure retained Brown, Kwon & Lam LLP to represent him in this action and has agreed to pay the firm a reasonable fee for its services.

### _Defendants_

22.    At all relevant times, Defendants owned and operated a bar and restaurant under the tradename "The Headless Widow," located at 99 1st Avenue, New York, NY 10003.

### The Headless Widow LLC

23.    Corporate Defendant The Headless Widow LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and address for service of process located at 99 1st Avenue, New York, NY 10003.

24.    At all relevant times, Corporate Defendant had an annual dollar volume of sales in excess of $500,000.

25.    Corporate Defendant is a covered "employer" within the meaning of the FLSA and NYLL.

26.    Corporate Defendant The Headless Widow LLC employed Plaintiffs and similarly situated employees.

27.     At all relevant times, Corporate Defendant maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

28.     At all relevant times, Corporate Defendant applied the same employment policies, practices, and procedures to all non-exempt employees.

***Edin Canovic***

29.     At all relevant times, Individual Defendant Edin Canovic was an owner and operator of The Headless Widow.

30.     Individual Defendant is a covered "employer" within the meaning of the FLSA and NYLL.

31.     Individual Defendant employed Plaintiffs and similarly situated employees.

32.     At all relevant times, Individual Defendant was directly involved in managing the day-to-day operations of the The Headless Widow. Individual Defendant regularly visited the restaurant, supervised and instructed restaurant employees regarding their job duties, and ensured that the employees effectively serve the customers and that the business is operating efficiently and profitably.

33.     At all relevant times, Individual Defendant had authority over personnel or payroll decisions and employment policies, practices, and procedures at the The Headless Widow.

34.     At all relevant times, Individual Defendant had the power to hire, fire, promote or discipline Plaintiffs and similarly situated employees, and control the terms and conditions of their employment at The Headless Widow, including their work assignments, work schedules, pay and responsibilities.

35.     At all relevant times, Individual Defendant had the power to hire, fire, promote, discipline, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiffs and similarly situated employees at The Headless Widow.

36.     At all relevant times, Plaintiffs and similarly situated employees were able to speak to Individual Defendant if they had any issues, complaints or requests about the terms and conditions of their employment. Individual Defendant had the authority to make any changes to address such issues, complaints or requests by Plaintiffs and other employees.

37.     At all relevant times, Individual Defendant had the power to prevent or stop any unlawful practices that harmed Plaintiffs and similarly situated employees.

38.     At all relevant times, Individual Defendant had the power to maintain employment records, including time and/or wage records of employees at The Headless Widow.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiffs bring the First Cause of Action, the FLSA claims, on behalf of themselves and all similarly situated current and former non-exempt tipped employees employed at the The Headless Widow, from the date that is three (3) years prior to the filing of the initial Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

40.     At all relevant times, Plaintiffs and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiffs and FLSA Collective Members the full minimum wage for all hours worked up to forty (40) per workweek, and overtime wages for all hours worked in excess of forty (40) per workweek. Defendants

unlawfully kept a portion of tips that Plaintiffs and FLSA Collective Members earned from customers. Plaintiffs' claims stated herein are essentially the same as those of the other FLSA Collective Members.

41.    All of the work that Plaintiffs and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and FLSA Collective Members have performed.

42.    Defendants are aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

43.    For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

44.    Plaintiffs bring the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of themselves and a class of persons consisting of all current and former non-exempt tipped employees employed by the Headless Widow, from the date that is six (6) years prior to the filing of the initial Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

45.    Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

46.    The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours

assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

47.     The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

48.     Plaintiffs' claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

49.     Plaintiffs and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay regular and overtime wages for off-the-clock work, (iii) unlawfully keeping a portion of employees' tips, (iv) unlawfully deducting wages and tips, (v) failing to provide proper wage notices, and (vi) failing to provide proper wage statements, in violation of the NYLL.

50.     Plaintiffs and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

51.     Plaintiffs and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures under the NYLL.

52.     Plaintiffs are able and willing to fairly and adequately protect the interests of Class Members, and have no interests antagonistic to Class Members.

53.     Plaintiffs are represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

54.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

55.     On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

56.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

57.    Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

58.    Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiffs and individual Class Members and include, but are not limited to, the following:

   a.   Whether Defendants employed Plaintiffs and Class Members within the meaning of the NYLL;

   b.   Whether Defendants paid Plaintiffs and Class Members at the lawful minimum wage rate;

   c.   Whether Defendants paid Plaintiffs and Class Members for all hours worked, including overtime hours;

   d.   Whether Defendants took the proper amount of tip credit allowance from Plaintiffs and Class Members under the NYLL;

   e.   Whether Defendants provided proper notice to Plaintiffs and Class Members that Defendants were taking a tip credit;

   f.   Whether Defendants provided proper wage statements informing Plaintiffs and Class Members of the amount of tip credit taken for each pay period and other information required to be provided on wage statements;

g.  Whether Defendants kept weekly records of the amount of tip credit allowance claimed from Plaintiffs and Class Members;

h.  Whether Defendants required Plaintiffs and Class Members to perform non-tipped side work for more than two (2) hours or twenty percent (20%) of their workday;

i.  Whether Defendants kept accurate records of the amounts of tips earned by Plaintiffs and Class Members;

j.  Whether Defendants misappropriated tips from Plaintiffs and Class Members by keeping a portion of employees' tips;

k.  Whether Defendants failed to pay all due spread of hours premiums;

l.  Whether Defendants unlawfully deducted the wages of Plaintiffs and Class Members by requiring them to pay Defendants for cash register shortages or property loss;

m.  Whether Defendants failed to furnish Plaintiffs and Class Members with proper wage notices, at hire and before a pay change, as required by the NYLL; and

n.  Whether Defendants failed to furnish Plaintiffs and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

## STATEMENT OF FACTS

59.  Plaintiff Salma Bahaa Hussein was employed by Defendants as a server from on or around April 7, 2024 through May 7, 2024.

60.  Throughout her employment, Plaintiff Salma Bahaa Hussein worked six (6) days per week, Tuesday through Sunday from around 2:30 p.m. until around 2:30 a.m. for a total of approximately seventy-two (72) hours per week.

61.  Plaintiff was paid an hourly rate of $10.00.

62.  Starting around June 2022 until the termination of her employment, Plaintiff Salma Bahaa Hussein worked as a waitress three to six (3-6) days per week from 5:00 p.m. to one hour after closing, usually around 1:00 a.m.  As a waitress, Plaintiff was paid $10.00 per hour.

63.  Plaintiff Brian Noone was employed by Defendants as a sever from on or around June 5, 2023 until April 2024.

64.    Throughout his employment with Defendants, Plaintiff Brian Noone worked five days per week, Wednesday through Sunday.  On Wednesday Plaintiff worked from 12:30 p.m. until around 1:30 a.m.  On Thursday, Fridays, Saturdays and Sundays Plaintiff Noone worked from 2:30 p.m. until around 2:30 a.m.  Thus, Plaintiff Noone worked approximately fifty-nine (59) hours per week.

65.    Plaintiff Noone was at all times during his employment paid an hourly rate of $10.00.

66.    Plaintiff Jordan Merritt was employed by Defendants as a server from April 16, 2024 through May 22, 2024.

67.    For the first two weeks of Plaintiff Merritt's employment, he worked five days per week, on Sunday, Tuesday, Thursday, Friday, and Saturday.  On Sunday and Tuesday, Plaintiff worked from 2:30 p.m. until 12:30 a.m.  On Thursday, Friday, and Saturday Plaintiff Merritt generally worked from 2:30 p.m. until around 2:30 a.m.  for a total of approximately fifty-six (56) hours per week.

68.    Thereafter, Plaintiff Merritt worked the same days, except on Sunday and Tuesday he worked from 2:30 p.m. to 12:30 a.m. and on Thursday, Friday and Saturday he worked from 5:00 p.m. to 11:00 p.m., for a total of approximately thirty-eight (38) hours per week.

69.    Throughout his employment, Plaintiff Merritt was paid $10.00 per hour.

70.    Plaintiff Joel Zavala was employed by Defendants as a barback from April 5, 2023 until May 31, 2024.

71.    Throughout his employment Plaintiff Zavala worked 5-6 days per week.  Plaintiff worked Tuesday, Thursday, Friday, Saturday, Sunday, and occasionally on Wednesday.  On Tuesday, Wednesday and Thursday, Plaintiff worked from 2:00 p.m. until around 2:00 a.m. and

on Friday, Saturday and Sunday he worked from 2:00 p.m. until around 3:00 a.m., for a total of between 63 and 75 hours per week.

72.    Plaintiff Zavala was at all times paid $10.00 per hour.

73.    Plaintiff Santiago Aljure was employed by Defendants as a server and barback from around April 2023 through April 19, 2024.

74.    For the first two weeks of his employment, Plaintiff Aljure worked seven days per week from 2:30 p.m. to 2:30 a.m.  Thereafter until around August 2023, his schedule varied week to week, but generally worked 40-50 hours per week.

75.    Starting around August 2023 until the termination of his employment, Aljure worked five days per week, on Tuesday, Wednesday, Friday, Saturday, and Sunday.  On Sundays and Tuesdays, Plaintiff Aljure worked from 2:30 p.m. until around 1:15 a.m., on Wednesday he worked from 2:00 p.m. until around 1:15 a.m., and on Fridays and Saturdays Plaintiff worked from 7:00 p.m. until around 2:30 a.m., for a total for approximately 45-47 hours per week.

76.    Plaintiff Aljure was at all times paid $10.00 per hour.

77.    Based on Plaintiffs' observations and conversations with their co-workers at the The Headless Widow, FLSA Collective Members and Class Members worked hours similar to Plaintiffs' work hours.

78.    Based on Plaintiffs' observations and conversations with their co-workers at The Headless Widow, Defendants claimed a tip credit and paid Plaintiffs, FLSA Collective Members and Class Members at the same or similar hourly rates that were at all times less than New York's minimum wage.

79.    Throughout Plaintiffs' employment with Defendants, Defendant Canovic, who is the owner and principal of Corporate Defendant, improperly participated in the tip pool.  Canovic

justified his participation in the tip pool by occasionally serving customers, however, on most days he did not perform any tipped work. Moreover, from time to time, Defendant Canovic would just blatantly take cash tips for himself. Additionally, Defendant Canovic's father occasionally took from the tip pool even though he did not perform any tipped work. At most, Canovic's father would perform tasks such as cleaning and polishing glasses and silverware.

80. As a result of Defendants' invalid tip policies and practices, Plaintiffs and other tipped employees were not paid the full and proper tip amounts every week.

81. Throughout Plaintiffs' employment with Defendants, Defendants improperly deducted from Plaintiffs' tips and wages for comps to customers, customer who failed to pay their bill, for broken glasses and plates, and for missing cash from the register.

82. Throughout Plaintiffs' employment with Defendants, Plaintiffs performed significant work off the clock for which they did not receive any compensation. Namely, after the restaurant closed, a receipt of sales for the day was printed using the "TOAST" system. Defendant Canovic instructed employees to clock out when the final receipt was printed. However, Plaintiffs, FLSA Collective Action Members and Class Members were required to perform a significant amount of work after clocking out. After clocking out tipped employees were required to perform tasks such as putting chairs on the tables, cleaning the bar, counting money, checking receipts, filing syrups, etc. In total, Plaintiffs, FLSA Collective Members and Class Members worked between 30 minutes to an hour each day off the clock for which they did not receive any compensation.

83. At all relevant times, Defendants operated with a policy and practice of paying employees at their straight time rate for all hours worked, including those exceeding forty hours in a work week.

84.    Throughout Plaintiffs' employment with Defendants, Plaintiffs did not receive proper notices of pay rate or pay day from Defendants at hire or before the changes in pay, as required under the NYLL.

85.    Throughout Plaintiffs' employment with Defendants, Plaintiffs did not receive wage statements from Defendants.

86.    Based on Plaintiffs' observations and conversations with co-workers, Defendants failed to pay Plaintiffs, FLSA Collective Members and Class Members the lawful minimum wage due to an invalid tip credit deduction.

87.    Based on Plaintiffs' observations and conversations with co-workers, Plaintiffs, FLSA Collective Members and Class Members did not receive proper notice that Defendants were claiming a tip credit.

88.    Based on Plaintiffs' observations and conversations with co-workers. Plaintiffs, FLSA Collective Members and Class Members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received.

89.    Based on Plaintiffs' observations and conversations with co-workers, Defendants failed to provide proper wage statements informing Plaintiffs, FLSA Collective Members and Class Members of the amount of tip credit taken for each pay period.

90.    Based on Plaintiffs' observations and conversations with co-workers, Defendants failed to track daily tips earned by Plaintiffs, FLSA Collective Members and Class Members, and failed to keep accurate records thereof.

91.    Based on Plaintiffs' observations and conversations with co-workers, Plaintiffs, FLSA Collective Members and Class Members were required to engage in more than two (2) hours

and/or twenty percent (20%) of their workdays performing non-tipped side work, including pre-shift side work, running side work, and post-shift side work. Tipped employees were required to arrive at the restaurant one to two hours before the restaurant opened to performing tasks such as setting up chairs, rolling silverware, setting up the outdoor dining area, cleaning glasses and silverware, filling syrup containers, wiping down tables, windows and mirrors, setting up the fruit bar, washing bar mats, and perform accounting work at the end of the shift.  In total, Plaintiffs performed at least three hours of side work each day.

92.     Based on Plaintiffs' observations and conversations with co-workers, Defendants failed to pay Plaintiffs, FLSA Collective Members and Class Members their full wages for off-the-clock work.

93.     Based on Plaintiffs' observations and conversations with co-workers, Defendants failed to pay Plaintiffs, FLSA Collective Members and Class Members overtime premiums, equal to one and a half times their regular rate of pay (or the NYS Minimum Wage Rate), for hours worked in excess of forty in a work week.

94.     Based on Plaintiffs' observations and conversations with co-workers, Defendants failed to pay Plaintiffs and Class Members spread of hours premiums for work days longer than ten hours.

95.     Based on Plaintiffs' observations and conversations with co-workers, Defendants failed to provide proper wage notices to Plaintiffs and Class Members.

96.     Based on Plaintiff's observations and conversations with their co-workers, Defendants failed to provide wage statements to Plaintiffs and Class Members with each paycheck.

97.     Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful minimum wage to Plaintiffs, FLSA Collective Members and Class Members, in violation of the FLSA and NYLL.

98.     Defendants knowingly and willfully operated their business with a policy of failing to pay the full amount of wages for off-the-clock work to Plaintiffs, FLSA Collective Members and Class Members, in violation of the FLSA and NYLL.

99.     Defendants knowingly and willfully operated their business with a policy of failing to pay spread of hours premiums to Plaintiffs and Class Members in violation of the NYLL.

100.    Defendants knowingly and willfully operated their business with a policy of keeping a portion of the tips that Plaintiffs, FLSA Collective Members and Class Members.

101.    Defendants knowingly and willfully operated their business with a policy of unlawfully deducting the wages of Plaintiffs, FLSA Collective Members and Class Members by requiring them to pay Defendants for comps. cash register shortages or property loss, in violation of the FLSA and NYLL.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
### *Violations of the Fair Labor Standards Act*

102.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

103.    The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and FLSA Collective Members.

104.    Defendants failed to pay Plaintiffs and FLSA Collective Members all due overtime premiums in violation of the FLSA.

105.    Defendants failed to pay Plaintiffs and FLSA Collective Members the minimum wage for all hours worked up to forty (40) per workweek, and overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

106.    Defendants unlawfully kept and/or allowed managerial or supervisory employees to keep a portion of tips that Plaintiffs and tipped FLSA Collective Members earned from customers. 29 C.F.R. § 531.52.

107.    Defendants failed to pay wages to Plaintiffs and FLSA Collective Members for off-the-clock work, in violation of the FLSA.

108.    Defendants unlawfully deducted the wages and tips of Plaintiffs and FLSA Collective Members by requiring them to pay Defendants for cash register shortages or property loss, and for required uniforms in violation of the FLSA.

109.    Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Members of their rights under the FLSA.

110.    Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Members the lawful minimum and overtime wages when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and FLSA Collective Members.

111.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

112.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and FLSA Collective Members have suffered damages by being denied minimum wage and tips in

accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

113.    Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Members and the actual compensation paid to Plaintiffs and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## SECOND CAUSE OF ACTION
### *Violations of the New York Labor Law*

114.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

115.    At all times relevant, Plaintiffs and the Class have been employees of Defendants, and Defendants have been employers of Plaintiffs and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

116.    Defendants failed to pay Plaintiffs and Class Members the minimum wage to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

117.    Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants are required to pay Plaintiffs and the Class the full minimum wage at a rate of (a) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; (b) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; and (c) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (d) $11.00 per hour for all hours worked from December 31,

2016 through December 30, 2017; (e) $13.00 per hour for all hours worked from December 31, 2017 through December 30, 2018; and (f) $15.00 per hour for all hours worked from December 31, 2018 through the present.

118.    Defendants have failed to notify Plaintiffs and Class Members of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

119.    Defendants required Plaintiffs and Class Members to perform a substantial amount of non-tipped side work in excess of two (2) hours or twenty percent (20%) of their workdays.

120.    Defendants unlawfully retained and/or allowed managerial or supervisory employees to keep a part of the gratuities received by Plaintiffs and Class Members in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

121.    Defendants failed to pay wages to Plaintiffs and Class Members for off-the-clock work, in violation of the NYLL.

122.    Defendants failed to pay overtime premiums to Plaintiffs and Class Members in violation of the NYLL.

123.    Defendants unlawfully deducted the wages and tips of Plaintiffs and Class Members by requiring them to pay Defendants for comps, cash register shortages or property loss, in violation of the NYLL.

124.    Defendants failed to pay spread of hours premiums for work days longer than ten hours.

125.    Defendants failed to furnish Plaintiffs and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

126.    Defendants failed to furnish Plaintiffs and the Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

127.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of the amounts of tips earned by Plaintiffs and Class Members as required by the NYLL and the supporting New York State Department of Labor Regulations.

128.    Defendants failed to properly disclose or apprise Plaintiffs and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

129.    As a result of Defendants' willful violations of the NYLL, Plaintiffs and the Class are entitled to recover from Defendants their unpaid minimum wage, unpaid wages for off-the-clock work, misappropriated tips, unlawfully deducted wages, uniform and uniform maintenance pay, liquidated damages for the late payment of wages, liquidated damages, statutory penalties,

reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Members and the Class, respectfully request that this Court grant the following relief:

a.  Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b.  Certification of this case as a class action pursuant to Rule 23;

c.  Designation of Plaintiffs as representatives of the Class and counsel of record as Class Counsel;

d.  An award of unpaid minimum wage due under the FLSA and NYLL;

e.  An award of unpaid wages for off-the-clock work, due under the FLSA and NYLL;

f.  An award of unlawfully retained tips due under the FLSA and NYLL;

g.  An award of unpaid spread of hours premiums due under the NYLL;

h.  An award of unlawfully deducted wages due under the FLSA and NYLL;

i.  An award of liquidated damages as a result of Defendants' willful failure to pay wages and misappropriated tips, pursuant to the FLSA or NYLL;

j.  Statutory penalties for Defendants' failure to provide Plaintiffs and Class Members with proper wage notices, as required by the NYLL;

k.  Statutory penalties for Defendants' failure to provide Plaintiffs and Class Members with proper wage statements, as required by the NYLL;

l.  Pre-judgment and post-judgment interest;

m.  Reasonable attorneys' fees and costs of this action;

n.  A declaratory judgment that the practices complained of herein are unlawful under the

FLSA and NYLL;

o.  An injunction against Defendants and its officers, agents, successors, employees,

representatives and any and all persons acting in concert with them as provided by law,

from engaging in each of the unlawful practices, policies and patterns set forth herein;

and

p.  Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by

jury on all issues so triable as of right by jury.

Dated:  June 18, 2024

Respectfully submitted,

**BROWN, KWON & LAM LLP**

By:    */s/ William Brown*

William Brown, Esq.
521 Fifth Avenue, 17th Fl.
New York, NY 10175
Tel.: (212) 295-5825
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiffs*

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, SALMA BAHAA HUSSEIN hereby consent to be a party plaintiff pursuant to 29 U.S.C. §

216(b), in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against THE

HEADLESS WIDOW LLC, and EDIN CANOVIC and/or related entities and individuals to

recover unpaid wages, liquidated damages, and other damages and relief available under the Fair

Labor Standards Act.


*salmabhussein*
ECCE7272967C4E1...
Name: salmabhussein


Date: 6/17/2024

DocuSign Envelope ID: 7D7EFEA4-960B-4F55-95B9-4D447FD162D5

## <u>CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT</u>

I, BRIAN NOONE hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in an

action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against THE HEADLESS

WIDOW LLC, and EDIN CANOVIC and/or related entities and individuals to recover unpaid

wages, liquidated damages, and other damages and relief available under the Fair Labor Standards

Act.


Name: Brian Noone


Date: 6/15/2024

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, SANTIAGO ALJURE, hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against THE HEADLESS WIDOW LLC, and EDIN CANOVIC and/or related entities and individuals to recover unpaid wages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act.

Name: Santiago Aljure

Date: 6/17/2024

## <u>CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT</u>

I, JORDAN MERRITT, hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in

an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against THE HEADLESS

WIDOW LLC, and EDIN CANOVIC and/or related entities and individuals to recover unpaid

wages, liquidated damages, and other damages and relief available under the Fair Labor Standards

Act.


_____

Name: Jordan Merritt


Date: _____ 6/15/2024

## **CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT**

I, JOEL ZAVALA hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against THE HEADLESS WIDOW LLC, and EDIN CANOVIC and/or related entities and individuals to recover unpaid wages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act.


_____
DocuSigned by:

*Joel Zavala*

D0CD204A43B942A...

Name: Joel Zavala


Date: ___6/17/2024_____