```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
SALMA BAHAA HUSSEIN, BRIAN NOONE,                              :
JORDAN MERRITT, JOEL ZAVALA, AND                               :
SANTIAGO ALJURE, on behalf of themselves and                   :
others similarly situated,                                     :   24-cv-04658 (LJL)
                                                               :
                               Plaintiffs,                     :   OPINION AND ORDER
                                                               :
                -v-                                            :
                                                               :
THE HEADLESS WIDOW LLC d/b/a/ THE                              :
HEADLESS WIDOW, and EDIN CANOVIC a/k/a                         :
EDDIE CANOVIC.                                                 :
                                                               :
                               Defendants.                     :
                                                               :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/2024

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Salma Bahaa Hussein ("Hussein"), Brian Noone ("Noone"), Jordan Merritt, ("Merritt"), Joel Zavala ("Zavala"), and Santiago Aljure ("Aljure" and, together with Hussein, Noone, Merritt, and Zavala, "Plaintiffs") move for conditional certification of collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Dkt. No. 17. Plaintiffs also seek an order approving their form of notice, compelling Defendants to post the proposed notice in their restaurant, and requiring Defendants to produce a list of potential opt-in plaintiffs to facilitate dissemination of notice of this action. *Id.*

For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

The Headless Widow LLC ("The Headless Widow") is a bar and restaurant organized under the laws of the State of New York and located on First Avenue in Manhattan. Dkt. No. 1

¶ 22. Defendant Eden Canovic ("Canovic" and together with The Headless Widow, "Defendants"), is the owner and operator of The Headless Widow. *Id.* ¶ 29.

Plaintiffs are five individuals who were employed by the Defendants as servers or barbacks.[1]  Hussein was employed as a server from on or around April 7, 2024, through May 7, 2024.[2]  Dkt. No. 1 ¶ 59.  Noone was employed as a server from around June 5, 2023, through April 2024.  *Id.* ¶ 64.  Merritt was employed as a server from April 16, 2024, through May 22, 2024.  *Id.* ¶ 66.  Zavala was employed as a barback from April 5, 2023, until May 31, 2024.  *Id.* ¶ 70.  Aljure was employed as a server and a barback from around April 2023 through April 19, 2024.  *Id.* ¶ 73.

Plaintiffs allege that they were each regularly scheduled to work more than 40 hours per week.  *Id.* ¶¶ 60, 64, 67, 71, 74.  They allege that Defendants regularly failed to pay the legally-required minimum wage for all hours worked up to 40 hours per week, and failed to pay applicable overtime wages for all hours worked in excess of 40 hours per week.  *Id.* ¶ 105.  Additionally, Plaintiffs allege that Defendants unlawfully kept and misappropriated a portion of the tips that Plaintiffs earned from customers.  *Id.* ¶ 106.  Plaintiffs also allege that Defendants required them to work off the clock without paying them wages for the off-the-clock work, in violation of the FLSA.  *Id.* ¶ 107.

---

[1] A barback is a bartender's assistant.  *See Gomez v. Lace Ent., Inc.*, 2017 WL 129130, at *2 (S.D.N.Y. Jan. 6, 2017); *Gomez v. MLB Enterprises, Corp.,* 2018 WL 3019102, at *1 (S.D.N.Y. June 5, 2018).

[2] The complaint also states in a separate paragraph that Hussein was employed as a waitress "starting around June 2022."  Dkt. No. 1 ¶ 62.  However, Hussein's declaration states that she worked from April to May 2024, without mentioning any work in 2022.  Dkt. No. 19 ¶ 2.  Therefore, the Court assumes for purposes of this motion that Hussein worked from April to May 2024.

Plaintiffs filed suit against The Headless Widow and Canovic on June 18, 2024, asserting claims under FLSA and New York Labor Law ("NYLL"). Dkt. No. 1. Plaintiffs allege violations of the minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and in the NYLL, N.Y. Labor Law §§ 650 *et seq*. Dkt. No. 1. ¶¶ 106, 116–117. Plaintiffs also allege that Defendants unlawfully kept and/or allowed managerial or supervisory employees to keep a portion of tips that Plaintiffs earned in violation of the FLSA, 29 C.F.R. § 531.52, and Section 196-d of the NYLL. Dkt. No. 1. ¶¶ 103, 120. Finally, Plaintiffs allege that Defendants failed to furnish Plaintiffs with annual wage notices as required by Section 195(1) of the NYLL, and that Plaintiffs were not given an accurate statement of wages with every wage payment as required by Section 195(3) of the NYLL. Dkt. No. 1. ¶¶ 125–126.

Plaintiffs bring this action under FLSA's collective action provision on behalf of themselves and current and former non-exempt tipped employees employed at The Headless Widow, whom Plaintiffs claim are all similarly situated with respect to Defendants' common policies and practices in violation of the FLSA. *Id.* ¶¶ 39–40. With respect to their NYLL claims, Plaintiffs also bring this action on behalf of a similarly defined class under Federal Rule of Civil Procedure 23. *Id.* ¶ 44.

On October 25, 2024, Plaintiffs moved for conditional certification of a collective action pursuant to the Section 216(b) of the FLSA. Dkt. No. 17. Plaintiffs' motion is supported by declarations from Hussein, Noone, Zavala, and Aljure. Dkt. Nos. 19–22. On November 7, 2024, Defendants opposed the motion. Dkt. No 24. Plaintiffs replied on November 15, 2024. Dkt. No. 24.

## DISCUSSION

Plaintiffs move for an order (1) granting conditional certification of a collective action pursuant to the Fair Labor Standards Act; (2) providing approval for the parties to negotiate a

proposed notice to be mailed and emailed to all potential opt-in plaintiffs (3) compelling Defendants to post the agreed-upon notice in The Headless Widow; and (4) compelling Defendants to produce names and other contact information for all potential opt-in plaintiffs. The Court addresses each issue in turn.

I.   **Conditional Certification**

The FLSA allows an employee who is aggrieved by a violation of the statute to maintain an action against any employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216 (b). "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 n.1 (2013) (characterizing Section 216(b) as a "joinder process"). "[D]istrict courts have discretion, in appropriate cases, to implement [Section 216(b)] by facilitating notice to potential plaintiffs." *Hoffman-La Roche*, 493 U.S. at 169; *see Martinez v. JVA Indus. Inc.*, 2021 WL 1263133, at *2 (S.D.N.Y. Apr. 6, 2021).

The Second Circuit has endorsed a two-step process to determine whether a case may proceed as a collective action under the FLSA. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). The standard for certifying a collective action under the FLSA is more relaxed than the standards for certifying a class under Federal Rule of Civil Procedure 23. *Wood v. Mike Bloomberg 2020, Inc.*, 2024 WL 3952718, at *12 (S.D.N.Y. Aug. 27, 2024) (quoting *Pino v. Harris Water Main & Sewer Contrs. Inc.*, 2020 WL 5708889, *3 (E.D.N.Y. Sept. 23, 2020)). First, the court makes "an initial determination to send notice to potential opt-in plaintiffs who

4

may be 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. Plaintiffs must only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). At the conditional certification stage, the plaintiff's burden is "minimal." *Hong v. Haiku @ WP Inc.*, 582 F. Supp. 3d 117, 126 (S.D.N.Y. 2022) (quoting *Amador v. Morgan Stanley & Co. LLC*, 2013 WL 494020, at *4 (S.D.N.Y. Feb. 7, 2013)). "Plaintiffs can meet this burden by showing that 'there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions.'" *Fraticelli v. MSG Holdings, L.P.*, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (quoting *Myers*, 624 F.3d at 555). "Unsupported assertions" will not suffice, but it "should remain a low standard of proof because the purpose of the first stage is to merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (quoting *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)). At the second step, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555; *see Andrade-Barteldes v. Valencia*, No. 2023 WL 8372989, at *5 (S.D.N.Y. Dec. 4, 2023).

In deciding whether "similarly situated" plaintiffs exist, courts consider documents such as plaintiffs' "own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 558 (S.D.N.Y. 2013) (quoting *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 661 (S.D.N.Y. 2013)). The documents must establish "'a defendant's plan or scheme to not pay overtime compensation' and must identify 'by name similarly situated employees.'" *Fernandez v. On Time Ready Mix,*

5

*Inc.*, 2014 WL 5252170, at *1 (E.D.N.Y. Oct. 4, 2014) (quoting *Sobczak v. AWL Indus., Inc.*, 540 F.Supp.2d 354, 362 (E.D.N.Y. 2007)). However, in making these showings, "'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan' is required." *Sexton v. Franklin First Fin., Ltd.*, 2009 WL 1706535, at *3 (E.D.N.Y. June 16, 2009) (quoting *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)).

Importantly, "[w]hile plaintiff's burden at this stage is modest, it is not non-existent." *Khan v. Airport Mgmt. Servs. LLC*, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011). "[C]ourts have declined to [grant conditional certification] where named plaintiffs present only conclusory allegations that similarly situated employees exist." *Han v. Madison Ave. Realties, LLC*, 2022 WL 2609003, at *3 (S.D.N.Y. July 8, 2022) (quoting *Huer Huang v. Shanghai City Corp*, 2020 WL 5849099, at *9 (S.D.N.Y. Oct. 1, 2020)). "[U]nsupported assertions" are similarly insufficient. *Imbarrato v. Banta Mgmt. Servs., Inc.*, 2022 WL 1210868, at *3 (S.D.N.Y. Apr. 25, 2022) (quoting *Myers*, 624 F.3d at 555).

Plaintiffs easily satisfy the standard for conditional collective certification at *Myers* stage one. The motion is supported by the complaint and by declarations of four of the five plaintiffs: Hussein, Noone, Zavala, and Aljure. Hussein declares under penalty of perjury that, while she was employed as a server by The Headless Widow, she regularly worked 12 hours per day without any breaks for 6 days per week, for a total of 72 hours per week. Dkt. No. 19 ¶ 4. Hussein further avers that she was paid a reduced base rate of $10.00 per hour for all hours, including those hours worked in excess of 40 hours per week. *Id.* ¶ 7. Hussein details the employment policies and practices in place while she was employed. Defendants had a policy and practice of paying all of their employees at their straight time hourly rate for all work hours,

6

including those exceeding 40 hours in a work week, and thus never paid the employees overtime wages at a rate of at least one and one-half times the regular rate for hours worked in excess of 40 per week. *Id.* ¶ 7. All tipped workers were required to spend significant time every workday performing non-tipped side work, including arriving at the restaurant one to two hours before it opened and staying an additional 30 minutes to an hour after it closed to perform non-tipped work. *Id.* ¶ 8. All tipped co-workers were required to "clock out" when the restaurant closed, even though they were always required to continue working for 30 minutes to an hour to prepare the restaurant for the next day. *Id.* ¶ 9. Canovic and his father kept tips that were part of the tip pool. *Id.* ¶ 10. The restaurant operated with a policy and practice of deducting the tipped workers' compensation when customers failed to pay their bill, when the restaurant provided complimentary food or drink items to customer, when glasses or plates were broken, or when cash went missing from the register. *Id.* ¶ 16. Employees were not given notice that they were being paid less than minimum wage because they were receiving tips, that their tips were being used as a credit against the minimum wage, or that all tips must be retained by the employee unless there is a tip pool system. *Id.* ¶ 11–14. Hussein's statements are based on her own observations. They are also based on her conversations with more than five other employees who held the positions of server, barback and bartender. *Id.* ¶ 5.

Noone makes similar assertions. He was employed by The Headless Widow as a server from June 5, 2023, to April 2024. Dkt. No. 20 ¶ 2. He declares under penalty of perjury that throughout his employment he regularly worked approximately 59 hours per week and was paid his base rate of $10.00 per hour for all hours worked, including those above 40 hours per week. *Id.* ¶¶ 4, 7. He avers to the same employment policies to which Hussein avers. *Id.* ¶¶ 7–16. His statements are based on his observations and his conversations with at least five other

7

employees. *Id.* ¶ 5. He also provides details about his conversations with other employees. *Id.* ¶ 6.

Zavala worked as a barback from April 5, 2023, to May 31, 2024. Dkt. No. 21 ¶ 2. He declares under penalty of perjury that throughout his employment he regularly worked 5 to 6 days per week, for approximately 63 to 75 hours per week and was paid his base rate of $10.00 per hour for all hours worked, including those in excess of 40 hours per week. Dkt. No. 21 ¶¶ 4, 7. He too avers to the same unlawful employment practices. *Id.* ¶¶ 7–16. His comments are based on his observations and conversations with eight other employees, including two whose last names are unknown. *Id.* ¶ 5. Zavala relays specific conversations he had with others, including that in or around May 2023, a bartender with the last name Alabina told Zavala that she had complained to Canovic's sister, Amanda Canovic, about the discrepancies between the amounts reflected on tip sheets and the actual amounts paid to workers. *Id.* ¶ 6. Amanda Canovic at the time was assisting in managing the restaurant, and she gave Alabina an excuse. *Id.*

Aljure worked as a server and barback at The Headless Widow from April 2023 to April 2024. Dkt. No. 22 ¶ 2. He avers that his schedule varied over the course of his employment, but that his hours ranged from 40 hours per week to 84 hours per week, and that he was paid his base rate of $10.00 per hour for all hours worked, including those in excess of 40 hours per week. *Id.* ¶¶ 4, 7. He also swears to the same unlawful employment practices. *Id.* ¶¶ 7–16. His statements are based on his own observations and conversations with at least four other named employees. *Id.* ¶ 5.

Defendants assert that the Plaintiffs' showing of common policies and practices in violation of FLSA is conclusory. Dkt. No. 24 at 5. Acknowledging that each of the declarations

8

contain "statements about the conversations happening at work or over social media," they complain that declarants do not provide dates or times for the conversations, fail to identify the responsibilities of the employees who have complained of unlawful employment practices, and refer only to several persons who are not already parties to this action. *Id.* at 6–8.

Defendants' complaints would hold Plaintiffs to a standard far beyond that required by FLSA. Plaintiffs do not need to identify the precise date or time of a conversation with an employee in their motion for conditional certification. *See Estrada v. Kingsbridge Marketplace Corp.*, 2018 WL 11583444, at *10 (S.D.N.Y. Oct. 16, 2018) (holding that "minimum level of detail" was satisfied when employees recounted conversations with specific people about specific topics); *Garcia v. Spectrum of Creations Inc.*, 102 F. Supp. 3d 541, 549 (S.D.N.Y. 2015) ("While it would be helpful to have the time and dates of conversations, it is not surprising that plaintiffs would be unable to recall such specifics."). From the declarations, it is clear when the conversations took place, and that they took place over an extended time period. Hussein worked at The Headless Widow from on or around April 7, 2024, to on or around May 7, 2024, Dkt. No. 19 ¶ 2; Noone worked at The Headless Widow from on or around June 5, 2023, until April 2024, Dkt. No. 20 ¶ 2; Zavala worked at The Headless Widow from on or around April 5, 2023, until on or around May 31, 2024, Dkt. No. 21 ¶ 2; and Aljure worked at The Headless Widow from in or around April 2023 until on or around April 19, 2024, Dkt. No. 22 ¶ 22. Each of them avers to conversations regularly occurring while they were employed. Plaintiffs seek to form a collective of "all similarly situated current and former non-exempt tipped employees employed at The Headless Widow" from June 18, 2021, to the date of final judgment in this matter. Dkt. No. 1 ¶ 39. Collectively, the declarations show that there were conversations

establishing that Defendants had common policies and practices in violation of FLSA spanning the time period from June 2023 to May 2024.

Defendants' complaint that the conversations referenced in the declarations occurred primarily with persons who are already parties to this action is also ill-founded. Courts in this Circuit regularly conditionally certify a FLSA collective brought by a single named Plaintiff and supported by a single affidavit relaying conversations with only a small handful of other employees. *See Han*, 2022 WL 2609003, at *3 ("There is no requirement that there be an affidavit from another employee for an action to be conditionally certified and notice to be authorized."); *Lorenzo v. Dee Mark Inc.*, 702 F. Supp. 3d 194, 203 (S.D.N.Y. 2023) (collecting cases); *Hernandez v. Bare Burger Dio Inc.,* 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases); *Ramos v. Platt,* 2014 WL 3639194, at *2 (S.D.N.Y. July 23, 2014). Each of the four declarants mentions conversations with the other declarants, and thereby corroborates the statements of those declarants. *See Garcia,* 102 F. Supp. 3d at 548. They also reference numerous other employees who complained about the same employment practices. The evidence is far more robust than that held sufficient in other cases to support conditional certification. *See, e.g.*, *Han*, 2022 WL 2609003, at *3–4 (granting motion based on single affidavit that laid out a common scheme of compensation and identified other employees subject to it); *Lorenzo*, 702 F. Supp. 3d at 203 (granting motion based on single affidavit that described similarly-situated employees complaining about unfair practices); *She Jian Guo v. Tommy's Sushi Inc.*, 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (granting motion when based on affidavit of a single deliveryman, there was a fair inference "that other deliverymen worked similar shifts for comparable pay"). There is no requirement that Plaintiffs submit declarations from persons who are not already parties to this action. "It is precisely to inform potentially

similarly situated employees that their rights may have been violated and that there is a legal action they might join that FLSA permits conditional certification and the authorization of notice." *Han*, 2022 WL 2609003, at *3.

Finally, Plaintiffs complain that the declarations do not identify the roles of the persons who also witnessed Defendants' unlawful employment practices. Dkt. No. 24 at 6–7. But that claim simply is wrong. Each of the declarations reference the job responsibilities of the co-workers who complained about Defendants' practices, and those persons all held jobs where they were tipped ranging from server to barback to bartender. Dkt. No. 19 ¶¶ 5–6; Dkt. No. 20 ¶¶ 5–6; Dkt. No. 21 ¶¶ 5–6; Dkt. No. 22 ¶¶ 5–6.[3]

The cases relied upon by Defendants are readily distinguishable. In *Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014), the court denied plaintiff's motion for conditional certification which was based on a single affidavit by one employee who made the conclusory assertion that defendant had a common practice of not paying minimum wage or overtime pay based only on observations and conversations with other employees, without mentioning the last name of any such employee. In *Morales v. Plantworks, Inc.*, 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006), the motion for conditional certification was based only on an affidavit of plaintiffs' counsel which contained no reference to any employee other than plaintiffs and made no allegation of a common policy or plan to deny plaintiffs overtime. In *Lopez v. St. Luke's Roosevelt Hosp. Ctr.*, 2024 WL 836480, at *6 (S.D.N.Y. Feb. 28, 2024), the

---

[3] Defendants also assert that the declarations are "nearly identical." Dkt. No. 24 ¶ 8. But what is notable about the declarations are their differences. Each declaration describes the common unlawful employment policies and practices—that is the basis for the FLSA conditional certification motion. But they also describe conversations occurring in different time frames with different individuals. *See* Dkt. No. 19 ¶¶ 5–6; Dkt. No. 20 ¶¶ 5–6; Dkt. No. 21 ¶¶ 5–6; Dkt. No. 22 ¶¶ 5–6.

motion for conditional certification was supported by a single affidavit which contained only "conclusory statements such as 'I know that other employees in the same or similar position worked over forty [] hours per week' and '[t]he employees talk to each other, and I know that [defendant] did not pay overtime to its field security supervisors.'" In *Mata v. Foodbridge LLC*, 2015 WL 3457293, at *4 (S.D.N.Y. June 1, 2015), "[p]laintiff's brief declaration merely summarize[d] the FLSA and NYLL violations that he allegedly suffered in the course of his own employment by Defendants and claim[ed] that other non-managerial employees at the Restaurants were subject to similar wage and hour practices." In *Levinson v. Primedia Inc.*, 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003), plaintiffs' showing of violations was "limited to their own compensation," and even if true their allegations did not show that other employees were treated unlawfully. Finally, in *Barfield v. N.Y.C. Health & Hosps. Corp.*, 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005), plaintiff suggested that the nurses who worked for the employer thorough multiple agencies could work over 40 hours without accumulating overtime, but offered only "limited anecdotal hearsay" suggesting that any other nurse worked in this fashion or that the employer was aware of or approved it. None of these cases involved multiple detailed declarations which corroborated each other and named specific individuals who had complained to the named plaintiffs about being subject to the same unlawful employment practices.

## II. Proposed Notice

Plaintiffs also ask that the Court authorize their proposed form of notice to be distributed by mail and email to all Covered Tipped Employees who worked at The Headless Widow for the three years prior to the initiation of this action on June 18, 2024, and to be posted in a conspicuous, non-public common area at the restaurant. Dkt. No. 18 at 8. Defendants do not object to the proposed form of distribution of the notice, including posting at the restaurant, but

make the following objections to the proposed notice: (1) it should not include any references to claims under the NYLL or New York Code of Rules and Regulations; (2) it should direct potential opt-ins to mail their Consent to Join forms to the Clerk of the Court rather than Plaintiffs' counsel; and (3) the three-year notice period should not run from date of the filing of the complaint but instead should run from the Court's determination of the motion. Dkt. No. 24 at 10–12.

"[T]he district court maintains 'broad discretion' over the form and content of the notice." *Diaz v. N.Y. Paving Inc.*, 340 F. Supp. 3d 372, 386 (S.D.N.Y. 2018) (quoting *Martin v. Sprint/united Mgmt. Co.*, 2016 WL 30334, at *15 (S.D.N.Y. Jan. 4, 2016) (internal quotation marks omitted)). The job of the court is to make sure that notice "is timely, accurate, and informative." *Hoffman-La Roche*, 493 U.S. at 171. Courts are "guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." *Elmajdoub v. MDO Dev. Corp.*, 2013 WL 6620685, at *4 (S.D.N.Y. Dec. 11, 2013) (quoting *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 356 (E.D.N.Y. 2012)). The Court must avoid "notices that are 'unduly argumentative, meant to discourage participation in the lawsuit, or are unnecessary or misleading.'" *Huang*, 2020 WL 5849099, at *17 (quoting *Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 664 (S.D.N.Y. 2017)); *see Mikityuk v. Cision US Inc.*, 2021 WL 1750370, at *7 (S.D.N.Y. May 4, 2021).

Courts in this District commonly authorize distribution of notice by United States mail and by email. *See Han*, 2022 WL 2609003, at *6; *Cision*, 2021 WL 1750370, at *9. Those methods of distribution are authorized here. In addition, Defendants are ordered to post the notice in a conspicuous, non-public common area at the restaurant. *See Vilella v. Pup Culture*

13

*LLC*, 2023 WL 7986562, at *11 (S.D.N.Y. Nov. 17, 2023); *Han*, 2022 WL 2609003, at *6; *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011).

      Defendants' objections to the language of the notice are sustained in part and denied in part.  Defendants argue that all references to the NYLL and the New York Code of Rules and Regulations should be stricken.  Dkt. No. 24 at 11.  The proposed form of notice has only limited references to the NYLL.  It indicates that Plaintiffs bring claims under the NYLL without indicating the nature of those claims.  Dkt. No. 18-1 at 2.  The FLSA 216(b) notice and consent to join apply only with respect to the FLSA claims and not with respect to the NYLL claims.  *See Martinenko v. 212 Steakhouse Inc.*, 2022 WL 1227140, at *9 (S.D.N.Y. Apr. 26, 2022); *Cheng v. Via Quadronno LLC*, 2022 WL 1210839, at *3 (S.D.N.Y. Apr. 25, 2022).  "Accordingly, while it is not objectionable for the notice to refer to the fact that the Complaint contains both FLSA and NYLL claims, it should make clear that the consent to join will only make an employee a claimant with respect to the FLSA claims and not with respect to the NYLL claims."  *Han*, 2022 WL 2609003, at *6.

      Defendants argue that the Consent to Join forms should be sent to the Clerk of Court rather than to Plaintiffs' counsel.  Dkt. No. 24 at 11.  There is some virtue to the rule for which Defendants advocate.  A FLSA action is deemed to have "commenced" only on "the subsequent date on which [a] written consent is filed in the court," 29 U.S.C. § 256(b), and directing that the consent be sent directly to the Clerk of Court "also protects the plaintiff's autonomy but putting it in the hands of the plaintiff, and not the person who will be counsel for the plaintiff, to determine when to file the consent and thus when to stop the statute of limitations from running."  *Cision*, 2021 WL 1750370, at *10.  Those benefits can be achieved, however, by directing counsel to file the consent forms on the ECF docket within twenty-four hours of receipt.  *See*

*Vilella*, 2023 WL 7986562, at *11; *Martinenko*, 2022 WL 1227140, at *8. The notice should reflect that counsel will do so. Finally, "the Notice explicitly advises potential opt-in plaintiffs that they may consult or retain another attorney, mitigating concerns that putative class members may be discouraged from retaining their own counsel." *Guo*, 2014 WL 5314822, at *5.

Finally, Defendants object to using a notice period of three years from the date of the filing of the complaint and request that the notice period be three years from the date of the Court's determination of the motion. Dkt. No. 24 at 12. The Court recognizes that there is some disagreement in the cases regarding the date from which the three years should be measured. *See Mangahas v. Eight Oranges Inc.*, 2022 WL 10383029, at *8 (S.D.N.Y. Oct. 18, 2022) (citing cases). Continuing with its past practice, "[i]n an abundance of caution, the Court authorizes notice to be keyed to the three-year period prior to the filing of the Complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date and that the three-year period is without prejudice to defendants' challenging particular opt-in parties in a motion for decertification." *Han*, 2022 WL 2609003, at *5 (citing *Guan v. Long Island Bus. Inst., Inc.*, 2016 WL 4257549, at *5 (E.D.N.Y. Aug. 11, 2016)).

The parties are directed to meet and confer and to submit a revised proposed notice within seven days of this Order.

### III. Discovery of Names and Contact Information of Potential Opt-In Plaintiffs

Plaintiffs ask the Court to order Defendants to produce within two weeks of this Order, in Excell format, a list of all Covered Tipped Employees, including their names, job titles, dates of employment, last known mailing address, last known email address, and all telephone numbers. Dkt. No. 18 at 10. Defendants do not oppose the motion.

15

"Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." *Huang*, 2020 WL 5849099, at *15 (quoting *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016)). The request is granted.

## CONCLUSION

The motion for conditional collective certification and mailing of a court-authorized notice is GRANTED IN PART and DENIED IN PART.

The Clerk of Court is respectfully directed to close Dkt. No. 17.

SO ORDERED.

Dated: December 11, 2024
      New York, New York

                                              LEWIS J. LIMAN
                                    United States District Judge